**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andres SANCHEZ–CRUZ,**
**Defendant–Appellant.**

**No. 04–2008.**

United States Court of Appeals,
Tenth Circuit.

Dec. 21, 2004.

Robert E. Kinney, Supervisory Federal Public Defender, Office of the Federal Public Defender, Las Cruces, NM, appearing for Defendant–Appellant.

Fred Federici, Assistant United States Attorney (David C. Iglesias, United States Attorney, and Norman Cairns, Assistant United States Attorney, on the brief), appearing for Plaintiff–Appellee.

Before TACHA, Chief Circuit Judge, HOLLOWAY, and LUCERO, Circuit Judges.

TACHA, Chief Circuit Judge.

Defendant–Appellant Andres Sanchez–Cruz illegally reentered the United States following his deportation. Mr. Sanchez–Cruz was arrested upon his reentry, and an information charging him with violating 8 U.S.C. § 1326(a) was filed. Mr. Sanchez–Cruz waived indictment and pleaded guilty to the charge contained in the information. At his plea colloquy, Mr. Sanchez–Cruz was informed that he faced a maximum sentence of twenty-four months. The sentencing judge, however, factored in Mr. Sanchez–Cruz's prior criminal history and sentenced him to forty-one months.

Mr. Sanchez–Cruz appeals this sentence on two grounds: (1) the District Court erred in sentencing him to a term greater than the maximum stated at the plea colloquy; and (2) his sentence was enhanced based on unconstitutional judicial fact-finding under the Supreme Court's recent decision in *Blakely v. Washington*, 542 U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In response, the Government contends that we lack jurisdiction to hear Mr. Sanchez–Cruz's appeal because the appeal was not timely filed and that the District Court did not err in sentencing Mr. Sanchez–Cruz to forty-one months. We take jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2) and AFFIRM.

## I. BACKGROUND

On July 8, 2003, Mr. Sanchez–Cruz, a Mexican citizen, was stopped by the United States Border Patrol as he walked across the United States–Mexico border near Sunland Park, New Mexico. Mr. Sanchez–Cruz was transported to the Santa Teresa Border Patrol Station, where a record check revealed that he had been deported on May 14, 1997. The record check also revealed that his deportation was subsequent to a felony conviction for second-degree assault in Trinidad, Colorado.

On September 18, 2003, Mr. Sanchez–Cruz appeared before a Magistrate Judge in the District Court of New Mexico. He waived indictment and pleaded guilty to an information charging him with reentering the United States after deportation in violation of 8 U.S.C. § 1326(a). In accordance with Federal Rule of Criminal Procedure 11, Mr. Sanchez–Cruz was informed, before his plea was accepted, that he faced a maximum penalty of twenty-four months' imprisonment. *See* Fed. R. Cr. P. 11(b)(1)(H).

An initial presentence report ("PSR") was issued on October 17, 2003. The PSR noted the U.S. Sentencing Guidelines Manual (2003) ("U.S.S.G." or "Guidelines") mandated a 16–level upward adjustment based on Mr. Sanchez–Cruz's prior felony conviction. U.S.S.G. § 2L1.2(b)(1)(A). Pursuant to this enhancement, Mr. Sanchez–Cruz's total offense level was 21, and because he had a category II criminal history, the applicable Guidelines range was 41–51 months. The PSR, however, recommended a sentence of twenty-four months because that is the statutory maximum under § 1326(a). *See* U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.").

The Government objected to the PSR's recommendation. It argued that 8 U.S.C. § 1326(b)(2) applied to Mr. Sanchez–Cruz's sentence. Under this subsection, aliens who violate § 1326(a) and whose deportation was subsequent to the commission of an aggravated felony are subject to a maximum of twenty years' imprisonment. Therefore, the government argued that the relevant statutory maximum was twenty years, U.S.S.G. § 5G1.1(a) was inapplicable, and Mr. Sanchez–Cruz should be sentenced to 41–51 months. In response to the Government's objection, the PSR was revised to recommend a sentence of 41–51 months.

On December 19, 2003, Mr. Sanchez–Cruz appeared at his sentencing hearing and objected to the revised PSR. He argued that the statutory maximum was twenty-four months and that a sentence of 41–51 months exceeded that statutory maximum. In response, the Government informed the District Court that the Supreme Court's decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), clearly established that the relevant statutory

maximum for Mr. Sanchez–Cruz's offense was twenty years. The District Court accepted the Government's argument and sentenced Mr. Sanchez–Cruz to forty-one months.

Mr. Sanchez–Cruz appeals this sentence, arguing that he cannot be sentenced to a term greater than twenty-four months because: (1) he was informed at the plea colloquy that twenty-four months was the maximum sentence he faced; and (2) his sentence was enhanced based on judicial fact-finding and therefore unconstitutional under *Blakely.* The Government responds that Mr. Sanchez–Cruz's appeal was not timely filed, and even if it was, the District Court did not err in sentencing Mr. Sanchez–Cruz to forty-one months. We address these issues below.

## II. DISCUSSION

### A. *Jurisdiction*

■ The Government contends that we lack jurisdiction to hear Mr. Sanchez–Cruz's appeal because it was not timely filed. Federal Rule of Appellate Procedure 4 requires Mr. Sanchez–Cruz to file his appeal within ten days of the entry of judgment. Fed. R.App. P. 4(b)(1)(A). If not timely filed, we lack jurisdiction to hear the appeal. *See United States v. Langham,* 77 F.3d 1280 (10th Cir.1996).

The District Court entered judgment on January 13, 2004; Mr. Sanchez–Cruz filed his notice of appeal on January 26, 2004. While ten calendar days had clearly passed, we must look to Federal Rule of Appellate Procedure 26 to determine whether this appeal was timely. When calculating time under Rule 26, we must "exclude intermediate Saturdays, Sundays, and legal holidays when the period [specified in the applicable Rule of Appellate Procedure] is less than 11 days." Fed. R.App. P. 26(a)(2). Excluding the two intervening weekends and one holiday (Martin Luther King, Jr.'s Birthday), Mr. San-

chez–Cruz's ten-day window to appeal closed on January 28, 2004. By filing on January 26, Mr. Sanchez–Cruz has timely appealed, and we therefore have jurisdiction to hear this appeal.

### B. *Rule 11 Error*

Mr. Sanchez–Cruz was informed at his plea colloquy that he faced a maximum sentence of twenty-four months. Nevertheless, he was sentenced to forty-one months. He argues on appeal that, by sentencing him to a term longer than the maximum stated at the plea colloquy, the District Court violated Rule 11. *See* Fed. R.Crim.P. 11(b)(1)(H) (requiring the court to inform the defendant of "any maximum possible penalty, including imprisonment, fine, and term of supervised release" prior to accepting the defendant's plea). Mr. Sanchez–Cruz contends that this error requires vacating his sentence and remanding his case for sentencing in accordance with the maximum stated at the plea colloquy.

■ We review de novo whether a district court has complied with Rule 11. *United States v. Gigot,* 147 F.3d 1193, 1197 (10th Cir.1998). When a defendant fails to raise a Rule 11 error during his sentencing hearing, however, we review only for plain error. *United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); *United States v. Edgar,* 348 F.3d 867, 871 (10th Cir.2003).

■ Upon review of the record, we conclude that Mr. Sanchez–Cruz failed to raise his Rule 11 objection at his sentencing hearing. Although Mr. Sanchez–Cruz objected to the length of his sentence at the hearing, he argued only that the sentence was greater than the statutory maximum for the offense to which he pleaded guilty. While he conceded that the Guidelines set his sentencing range at 41–51 months, he argued that the statutory maxi-

mum under 8 U.S.C. § 1326(a) was twenty-four months, and therefore U.S.S.G. § 5G1.1(a) required reducing his sentence to this statutory maximum.

■ Mr. Sanchez–Cruz made no other arguments regarding the length of his sentence. He did not argue, as he does now on appeal, that his sentence should be twenty-four months because that was the maximum stated at the plea colloquy. Because Mr. Sanchez–Cruz failed to raise his Rule 11 argument below, we review for plain error. *Edgar*, 348 F.3d at 871. Consequently, Mr. Sanchez–Cruz must establish that the District Court's decision to sentence him to forty-one months: (1) is an actual error; (2) is plain or obvious; (3) affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

■ While we have no doubt that Mr. Sanchez–Cruz can satisfy the first two elements of plain error, he has failed to establish that the error affected his substantial rights. The Supreme Court recently held that a defendant attempting to establish that a Rule 11 error has affected substantial rights "is obliged to show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. ——, 124 S.Ct. 2333, 2336, 159 L.Ed.2d 157 (2004).[1] In other words, after reviewing the entire record, we must be satisfied "that the probability of a different result 'is sufficient to undermine confidence in the outcome' of the proceeding." *Id.* at 2340 (citation omitted).

Mr. Sanchez–Cruz has never argued that, but for the error at the plea colloquy,

he would not have entered the plea. Because he bears the burden of establishing that there is a reasonable probability that he would not have pleaded guilty, his failure to raise this argument is sufficient to hold that the error has not affected his substantial rights. *See, e.g., United States v. Dixon*, 308 F.3d 229, 235 (3rd Cir.2002) (holding that a Rule 11 error did not satisfy plain error review because the defendant "never clearly and unmistakably asserted that had he been correctly informed of the sentence he faced, he *would*, in fact, have pled not guilty and gone to trial."). Furthermore, Mr. Sanchez–Cruz made no attempt to withdraw his plea once he learned that he faced a possible sentence greater than two years.

Mr. Sanchez–Cruz has not established that there is a reasonable probability that he would not have pleaded guilty had he been accurately informed of the maximum sentence he faced. Consequently, Mr. Sanchez–Cruz fails to establish that this Rule 11 error affected his substantial rights and therefore cannot satisfy plain error review.

## C. *Impact of Blakely*

■ After Mr. Sanchez–Cruz submitted his opening brief in this appeal, the Supreme Court announced its decision in *Blakely*. In *Blakely*, the Court held that a criminal defendant's Sixth Amendment rights are violated when, as a result of judicial fact-finding, the defendant is sentenced to a term longer than the maximum sentence based on the facts admitted or found by a jury. In response to this decision, Mr. Sanchez–Cruz argues in his reply

---

1. *Dominguez Benitez* was decided while this case was on direct appeal, and therefore we apply it to Mr. Sanchez–Cruz's Rule 11 argument. *See Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Moreover, *Dominguez Benitez* does little to affect the outcome of our "substantial rights" analysis because our existing Circuit precedent requires a similar inquiry. *See Edgar*, 348 F.3d at 872 (holding that "[i]n the context of a plea agreement, an error is prejudicial if the defendant has shown that he would not have pleaded guilty if the district court had complied with [Rule 11]").

brief that *Blakely* provides additional grounds for vacating his sentence and remanding his case for resentencing. We agree with Mr. Sanchez–Cruz that new rules concerning criminal prosecutions are applicable to cases pending on direct appeal. *See Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

■ As with any criminal appeal, however, the appellant must properly raise an argument before we will consider it. Here, Mr. Sanchez–Cruz failed to raise his *Blakely* argument in his opening brief. Generally, we refuse to consider arguments made for the first time in a reply brief. *See United States v. Murray,* 82 F.3d 361, 363 n. 3 (10th Cir.1996). The reasons for this rule are clear. Allowing an issue to be raised for the first time in a reply brief denies the appellee the opportunity to address the appellant's arguments. *Headrick v. Rockwell Intern. Corp.,* 24 F.3d 1272, 1278 (10th Cir.1994). The rule also protects us from publishing "an improvident or ill-advised opinion" because we did not have the benefit of the adversarial process. *Id.*

■ When a new rule of law is decided after the appellant has filed his opening brief, the appellant—rather than raising the new rule for the first time in his reply brief—may seek permission to file a supplemental brief addressing the applicability of the new rule to his appeal. This Court recently declined to consider *Blakely* arguments initially raised in a Fed. R.App. P. 28(j) letter. *See United States v. Lindsey,* 389 F.3d 1334, 1335 n. 1 (10th Cir.2004). In *Lindsey,* this Court noted that the defendant neither filed a motion for post-submission consideration nor sought permission to brief the *Blakely* issue. *Id.* Supplemental briefing is preferable because it has the benefit of allowing an appellant to raise a new decision or rule not previously addressed in its opening brief without preventing the appellee from responding.

Whether raising *Blakely* arguments in a reply brief instead of seeking permission to file a supplement brief constitutes waiver of these arguments, however, does not affect the outcome of this appeal. Because Mr. Sanchez–Cruz did not raise his *Blakely* arguments in the District Court, these arguments, if not waived, are reviewed for plain error. *See United States v. Badilla,* 383 F.3d 1137, 1142 n. 2 (10th Cir.2004) (reviewing for plain error a *Blakely* argument first raised on appeal). This is a standard of review that Mr. Sanchez–Cruz cannot satisfy.

Mr. Sanchez–Cruz contends that, in light of *Blakely,* the District Court erred in enhancing his sentence on essentially two grounds: (1) the enhancement under U.S.S.G. § 2L1.2(b) was unconstitutional because it was based on a fact neither admitted nor found by a jury; and (2) the Guidelines are unconstitutional as a whole. These arguments fail plain error review because neither satisfies the initial plain error inquiry-that an actual error has occurred.

1. *Constitutionality of Enhanced Sentence Under U.S.S.G. § 2L1.2(b)*

Mr. Sanchez–Cruz argues that his U.S.S.G. § 2L1.2(b) enhancement is unconstitutional under *Blakely.* Although *Blakely* addresses the constitutionality of the state of Washington's sentencing guidelines, Mr. Sanchez–Cruz contends that *Blakely* must be applied to the U.S. Sentencing Guidelines because the Guidelines are indistinguishable from Washington's sentencing scheme. Assuming, without deciding, that *Blakely* does apply to the Guidelines, we conclude that the application of this sentencing enhancement is constitutional.

In *Almendarez–Torres,* the Supreme Court was similarly faced with a defendant

who was arrested for reentering the United States and had pleaded guilty under 8 U.S.C. § 1326(a). 523 U.S. at 227, 118 S.Ct. 1219. At sentencing, the judge relied on U.S.S.G. § 2L1.2 and 8 U.S.C. § 1326(b) to sentence Mr. Almendarez–Torres to a term longer than twenty-four months—the statutory maximum stated in § 1326(a)—based on his prior convictions. *Id.* The Court affirmed this sentence because it interpreted § 1326(b), which states that aliens who violate § 1326(a) and whose deportation was subsequent to the commission of an aggravated felony are subject to a maximum of twenty years' imprisonment, as a sentencing factor applicable to the crime of reentry into the United States. *Id.* at 235, 118 S.Ct. 1219. The relevant statutory maximum therefore was twenty years. Moreover, because § 1326(b) is a sentencing factor and not an element of the offense, the defendant's prior conviction did not need to be included in the indictment and the sentence could be enhanced to a maximum of twenty years based on a judicial finding of a prior conviction under U.S.S.G. § 2L1.2(b).

Although *Apprendi* appears entirely on point, Mr. Sanchez–Cruz argues that his sentencing enhancement was nonetheless unconstitutional. He argues that *Almendarez–Torres* is incompatible with *Blakely* and therefore has been implicitly overruled. Alternatively, he argues that *Almendarez–Torres* only authorized judicial fact-finding with respect to the statutory maximum under § 1326 and did not address the constitutionality of enhancements by judicial fact-finding under the Guidelines. We conclude that neither argument supports holding that Mr. Sanchez–Cruz's enhancement under § 2L1.2(b) was unconstitutional.

 Mr. Sanchez–Cruz first argues that the rule stated in *Blakely*—the facts

necessary to increase a defendant's sentence must be admitted or proved by a jury—should be interpreted to include the fact of prior conviction. If *Blakely* is so interpreted, he argues, it necessarily overrules *Almendarez–Torres*. We conclude, however, that *Almendarez–Torres* remains good law in light of the prior-conviction exception to the prohibition on sentencing enhancements based on judicial fact-finding stated in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and reaffirmed in *Blakely.*

In *Apprendi,* the Supreme Court recognized the general principle that facts increasing a defendant's sentence should be found by a jury. The Court, however, did not overrule *Almendarez–Torres.* Instead, it decided to "treat [*Almendarez–Torres* ] as a narrow exception to the general rule." *Apprendi,* 530 U.S. at 489, 120 S.Ct. 2348. In light of this exception, the Court held: *"Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348 (emphasis added).

In *Blakely,* the Supreme Court restated its holding in *Apprendi,* and thus expressly reaffirmed the prior-conviction exception to the *Apprendi* rule. *Blakely,* 124 S.Ct. at 2536. Mr. Sanchez–Cruz, however, argues that other language contained in the *Blakely* opinion is inconsistent with the prior-conviction exception and therefore *Blakely* should be interpreted to require the fact of a prior conviction to be admitted or proved by a jury. Because this Court has previously held that *Blakely* reaffirmed the prior-conviction exception to the *Apprendi* rule, *see United States v. Cooper,* 375 F.3d 1041, 1052 n. 3 (10th Cir.2004), we reject this interpretation.[2]

---

**2.** In his reply brief, Mr. Sanchez–Cruz concedes that *Cooper* held that *Blakely* reaffirmed

We similarly reject Mr. Sanchez–Cruz's argument that his sentence cannot be enhanced based on *Almendarez–Torres* because the judicial fact-finding permitted by this decision applies only to § 1326 and not to the Guidelines. The scope of the holding in *Almendarez–Torres* is not at issue, however, because the enhancement under the Guidelines does not depend directly on *Almendarez–Torres*. The enhancement's constitutionality, as discussed above, is based on the prior-conviction exception created in *Apprendi* and reaffirmed in *Blakely*. Because this exception cannot be read to apply only to § 1326, Mr. Sanchez–Cruz has failed to establish that the District Court erred in applying U.S.S.G. § 2L1.2(b).

### 2. Constitutionality of the U.S. Sentencing Guidelines as a Whole

Mr. Sanchez–Cruz argues that his sentence must be vacated and his case remanded for resentencing because the sentence was calculated based on the Guidelines, which are unconstitutional as a whole. He arrives at the conclusion that the Guidelines are unconstitutional as a whole through two steps. First, he asserts that the Guidelines contain a number of individual provisions that are unconstitutional. Second, these provisions are not severable from the remainder of the Guidelines, and therefore all the Guidelines provisions must be considered unconstitutional.

The question of severability, however, does not arise until we determine that a part of the Guidelines are unconstitutional. *Cf. Kikumura v. Hurley*, 242 F.3d 950, 959 (10th Cir.2001) (applying the presumption of severability after concluding that part of a statute is unconstitutional). Furthermore, the only Guideline provision properly before us is U.S.S.G. § 2L1.2(b), and we affirm its application as constitutional because the enhancement was based on a prior conviction. Mr. Sanchez–Cruz argues that we should reach the severability question because "most guidelines are *prima facie* invalid under *Blakely*." We consider this assertion to be insufficient to permit consideration of the severability of the Guidelines. We further refuse to consider the constitutionality of any Guidelines provisions whose constitutionality has not been specifically contested by Mr. Sanchez–Cruz. We therefore reject Mr. Sanchez–Cruz's argument that the Guidelines are unconstitutional as a whole.

Because Mr. Sanchez–Cruz has failed to establish that the District Court erred in light of *Blakely*, he cannot satisfy plain error review and his sentence is affirmed.

### III.  CONCLUSION

Mr. Sanchez–Cruz timely filed his appeal of the District Court's judgment. His failure to raise his Rule 11 objection to the District Court requires reviewing for plain error. Mr. Sanchez–Cruz cannot satisfy this standard of review. Furthermore, because we conclude that *Blakely* does not invalidate Mr. Sanchez–Cruz's sentence, we AFFIRM.

---

the prior-conviction exception. He states that he wishes to preserve this argument to petition for certiorari. The argument has been properly preserved.