**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AARON QUINN JACOBSON,

    Defendant - Appellant.

No. 04-1476

(D.C. No. 03-CR-555-D)

(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

On September 12, 1991, in North Carolina state court, Defendant Aaron Quinn Jacobson pleaded guilty to second-degree sexual offense, a felony punishable by up to 40 years' imprisonment, and taking indecent liberties with a minor, a felony punishable by up to 10 years' imprisonment. On November 9, 2003, while Defendant was living with his parents, his father entered Defendant's

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

room to borrow a book. Defendant became very angry and threatened his father with a shotgun. On November 18 a federal grand jury indicted Defendant on a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Defendant moved the district court to dismiss the indictment on the ground that his right to possess the shotgun had been restored under North Carolina law. The district court relied on *Caron v. United States,* 524 U.S. 308, 309-10 (1998), to deny this motion.

Defendant pleaded guilty to the indictment. In his plea agreement he admitted "that there [was] a preponderance of the evidence that" he possessed the firearm in connection with a felony, namely, menacing, which is a felony under Colorado law. R. Vol. I, Doc. 46 at 6; *see* Aplt. Br. at 3. But at sentencing on October 27, 2004, Defendant objected under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), to the use of that admission to trigger a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2004). The district court denied this objection, calculated a base offense level of 14, applied the contested four-level enhancement, and subtracted three levels for acceptance of responsibility. This resulted in a sentencing range of 24 to 30 months' imprisonment; the court sentenced Defendant to the maximum 30-month term.

Defendant appeals. First, he raises again his argument based on North Carolina's restoration of his right to possess shotguns. But he does so solely to preserve it for Supreme Court review. As Defendant puts it: "While this Court cannot give [him] the relief he seeks, the Supreme Court can." Aplt. Br. at 8. We agree with Defendant that we are bound by *Caron*, and that the district court properly denied his motion in reliance on that decision.

Next, he raises an issue under *United States v. Booker*, 125 S. Ct. 738 (2005). Before that decision federal courts treated the Sentencing Guidelines as binding. *Booker* teaches that this view was mistaken; the guidelines are in fact advisory only. Defendant's sole *Booker* argument on appeal is that he "has yet to be sentenced under a regime in which the guidelines are treated as advisory." Aplt. Br. at 4.[1]

Defendant correctly claims error, but he is not entitled to relief if the error was harmless. Because the alleged error is nonconstitutional, it is harmless if it "'did not affect the district court's selection of the sentence imposed.'" *United States v. Labastida-Segura*, 396 F.3d 1140, 1143 (10th Cir. 2005) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)). We are convinced that the

---

[1]Because Defendant did not raise a Sixth Amendment *Booker* claim on appeal, we deem that issue waived. *See United States v. Sanchez-Cruz*, 392 F.3d 1196, 1201 (10th Cir. 2004) (defendant must properly raise Sixth Amendment issue in brief on appeal.)

error in this case was harmless. Had the district court thought a more lenient sentence appropriate, it would have exercised its pre-*Booker* discretion to impose a lesser sentence within the guidelines range; certainly it would not have imposed the most severe sentence it could. *See United States v. Riccardi*, 405 F.3d 852, 876 (10th Cir. 2005) (error harmless when district court imposed top-of-the-guidelines-range sentence). We acknowledge the clever argument Defendant offers to the contrary—namely, that the district court might have been concerned with the *relative* punishment imposed, and so might have imposed a less severe punishment had it been free to select the range of punishments, rather than bound to use the guidelines range—but we are not persuaded that it realistically describes the sentencing process.

We exercise jurisdiction under 28 U.S.C. § 1291 and AFFIRM the judgment and sentence below.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-4-