**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRES SANCHEZ-CRUZ,

Defendant - Appellant.

No. 04-2008
(D. Ct. No. CR-03-1791- RB)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HOLLOWAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Andres Sanchez-Cruz illegally reentered the United States following his deportation. He was arrested upon his reentry and an information charging him with violating 8 U.S.C. § 1326(a) was filed. Mr. Sanchez-Cruz waived indictment

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and pleaded guilty to the charge contained in the information. He was sentenced to 41 months' imprisonment. We affirmed. *United States v. Sanchez-Cruz*, 392 F.3d 1196 (10th Cir. 2004) ("*Sanchez-Cruz I*"). The Supreme Court summarily reversed and remanded our decision in light of *United States v. Booker*, 543 U.S. —, 125 S. Ct. 738 (2005). *See Sanchez-Cruz v. United States*, — U.S. —, 125 S.Ct. 1866 (April 18, 2005). We REINSTATE[1] all non-sentencing portions of our previous opinion and upon reconsideration AFFIRM Mr. Sanchez-Cruz's sentence.

## I. BACKGROUND

Mr. Sanchez-Cruz, a Mexican citizen, was stopped by the United States Border Patrol as he walked across the United States-Mexico border near Sunland Park, New Mexico. Mr. Sanchez-Cruz was transported to the Santa Teresa Border Patrol Station, where a record check revealed that he had been deported on May 14, 1997. The record check also revealed that his deportation was subsequent to a felony conviction for second-degree assault in Trinidad, Colorado. Mr. Sanchez-Cruz then waived indictment and pleaded guilty to an information charging him with reentering the United States after deportation in violation of 8 U.S.C. § 1326(a).

---

[1]The Supreme Court remanded to us only "for further consideration in light of *Booker v. United States*." *Sanchez-Cruz*, 125 S.Ct. at 1866. In *Sanchez-Cruz I*, we considered Mr. Sanchez-Cruz's argument that the District Court committed a Fed. R. Crim. P. 11 error. As we find nothing in *Booker* that calls our previous Rule 11 analysis into question, we limit our review on remand to the *Booker* challenges to the sentence and reinstate all non-sentencing portions of our previous opinion.

Though § 1326(a) carries a maximum imprisonment of twenty-four months, the revised presentence report ("PSR") noted that the U.S. Sentencing Guidelines (2003) ("U.S.S.G." or "Guidelines") mandated a 16-level upward adjustment based on Mr. Sanchez-Cruz's prior felony conviction. *See* U.S.S.G. § 2L1.2(b)(1)(A). Mr. Sanchez-Cruz objected to the use of his prior conviction to enhance his sentence. At sentencing, the judge relied on § 2L1.2(b)(1)(A) and 8 U.S.C. § 1326(b) to sentence Mr. Sanchez-Cruz to 41 months' imprisonment. Because § 1326(b), which states that aliens who violate § 1326(a) and whose deportation was subsequent to the commission of an aggravated felony are subject to a maximum of twenty years' imprisonment, is a sentencing factor applicable to the crime of reentry, and not an element of the reentry violation under § 1326(a), the judge allowed the enhancement although it was not charged in the information. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998) (endorsing the use of past convictions as found by the sentencing court to enhance the sentence of reentry crimes). Thus, the judge calculated Mr. Sanchez-Cruz's sentence based solely on admitted facts and the fact of a prior conviction.

Mr. Sanchez-Cruz timely appealed. We affirmed both the sentence and the plea of guilty. Mr. Sanchez-Cruz filed for certiorari with the Supreme Court, which was granted. The Court summarily reversed and remanded in light of *Booker*. On remand, Mr. Sanchez-Cruz argues that he sufficiently raised his *Booker* challenge in the District Court to preserve the error for appeal and in the alternative, if the issue was not preserved, that

he is entitled to relief under plain-error review.[2] We now reconsider Mr. Sanchez-Cruz's sentence.

## II. DISCUSSION

Shortly after our decision in *Sanchez-Cruz I*, the Supreme Court decided *United States v. Booker*. In *Booker*, the Supreme Court extended the holding of *Blakely v. Washington*, 542 U.S. —, 124 S. Ct. 2531 (2004), to the federal Sentencing Guidelines. The Court, thus, "reaffirm[ed its] holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756. "As a result, the Court held that mandatory application of the Guidelines violates the Sixth Amendment when judge-found facts, other than those of prior convictions, are employed to enhance a sentence." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005) (en banc). To remedy this error, the Court "severed two provisions of the Sentencing Reform Act of 1984, . . . [n]amely, . . . 18 U.S.C. § 3553(b)(1), which made the imposition of a Guidelines sentence mandatory in the vast majority of cases, and those

---

[2]Mr. Sanchez-Cruz also asks this panel to reconsider our approach to *Booker* plain-error questions as announced in *United States v. Gonzalez-Huerta*, 403 F.3d 727 (10th Cir. 2005) (en banc). Defense counsel acknowledges that this panel is not empowered to deviate from an en banc opinion of this Court; instead, counsel raises the issue to preserve it for a possible certiorari petition to the Supreme Court. While this panel is bound to apply *Gonzalez-Huerta*, we note that counsel adequately preserved the issue for certiorari.

portions of 18 U.S.C. § 3742(e) that established standards of review on appeal." *Id.*

**A.**

As we recently explained, there are two types of error that a court sentencing prior to *Booker* could make. "First, a court could err by relying upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily. As *Booker* makes clear, the Sixth Amendment prohibits this practice." *Id.* "Second, a sentencing court could err by applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction." *Id.* at 731–32. Although this constitutes error, "this type of sentence does not violate the Sixth Amendment." *Id.* at 732.

Because the District Court imposed a sentence based solely on facts that were admitted by Mr. Sanchez-Cruz and the fact of his prior conviction, we do not face constitutional *Booker* error in this case. In this regard, Mr. Sanchez-Cruz's case is identical to the facts underlying our recent opinion in *United States v. Serrano-Dominguez*, 406 F.3d 1221, 1223 (10th Cir. 2005). In *Serrano-Dominguez*, the defendant pleaded guilty to "illegally reentering the United States in violation of 8 U.S.C. § 1326." *Id.* at 1221. At sentencing the district court "applied an 8-level enhancement because Mr. Serrano-Dominguez had a prior conviction for an aggravated felony." *Id.* at 1222. On appeal, the defendant brought a *Booker* challenge to his sentence. We held that

the case "involve[d] only non-constitutional error" because other than the fact of his prior conviction the defendant "admitted all the facts necessary to authorize his sentence." *Id.* at 1223. That is to say, the "sentencing court [ ] err[ed] by applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion." *Gonzalez-Huerta*, 403 F.3d at 731–32. Because we face circumstances identical to *Serrano-Dominguez* here, we conclude that this case presents a non-constitutional *Booker* error question. *See also United States v. Trujillo-Terrazas*, 405 F.3d 814, 818 (10th Cir. 2005).

**B.**

We turn next to whether Mr. Sanchez-Cruz adequately preserved this non-constitutional *Booker* error in the District Court. This threshold question is key as it determines whether we review for plain error, because the *Booker* issue was waived below, or for harmless error, because the issue was preserved. *Compare* Fed. R. Crim. P. 52(a) *with* Fed. R. Crim. P. 52(b). Mr. Sanchez-Cruz contends that he preserved his *Booker* challenge, and thus we review for harmless error. The record is quite clear, however, that the only objection lodged at sentencing was to the application of *Almendarez-Torres*, allowing the court to rely upon Mr. Sanchez-Cruz's past convictions to enhance his sentence under the Guidelines and 8 U.S.C. § 1326(b). Indeed, the District Court confirmed this in the following colloquy:

> THE COURT: All right. Let me ask you, Ms. Reeves [defense counsel], are there any issues in dispute now?
>
> MS. REEVES: Your Honor, other than the [*Almendarez-Torres*] arguments

I made this morning, there are no issues in dispute. Defense believes and contends that the revised report is in error, and we still request the statutory maximum of 24 months.

Thus, Mr. Sanchez-Cruz only raised the continued viability of *Almendarez-Torres*.[3] Raising *Almendarez-Torres* below, as we held in *Sanchez-Cruz I*, 392 F.3d at 1200–01, does not sufficiently preserve a *Blakely* or *Booker* error on appeal. Thus, we review only for plain error. *See Gonzalez-Huerta*, 403 F.3d at 732.

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted). Because we face non-constitutional *Booker* error here, we apply this test rigidly. *Cf. United States v. Dazey*, 403 F.3d 1147, 1174 (10th Cir. 2005). Given the District Court's mandatory application of the Guidelines here, there can be no doubt that Mr. Sanchez-Cruz's 41-month sentence, in light of *Booker*, was erroneously imposed and plainly so. *See Gonzalez-Huerta*, 403 F.3d at 732. Nonetheless, we cannot remand for resentencing unless Mr. Sanchez-Cruz can meet his burden to satisfy both the third and fourth prongs of plain-error review as well. *Id.*

---

[3]We have previously held that *Almendarez-Torres* survives both *Booker* and *Blakely*. *See Gonzalez-Huerta*, 403 F.3d at 731 n.1; *United States v. Moore*, 401 F.3d 1220, 1223–24 (10th Cir. 2005).

## C.

To satisfy the third prong of plain-error review, Mr. Sanchez-Cruz "bears the burden to establish by a reasonable probability based upon the record on appeal that his substantial rights were affected by the District Court's mandatory application of the Guidelines." *Id*. at 736. A defendant may make such a showing "by demonstrating a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Clifton*, 406 F.3d 1173, 1181 (10th Cir. 2005) (internal quotation omitted). For example, "evidence of (1) a disconnect between the § 3553(a) factors and his sentence, and (2) the district court's expressed dissatisfaction with the mandatory Guidelines sentence in his case" meets this burden. *Id.* Mr. Sanchez-Cruz relies heavily upon *Trujillo-Terrazas*, 405 F.3d 814 (10th Cir. 2005), and *United States v. Galvez-Barrios*, 355 F. Supp. 2d 958 (E.D. Wisc. 2005), to show that his substantial rights were affected. We are not persuaded.

In *Trujillo-Terrazas*, the defendant pleaded guilty to illegal reentry under § 1326(a) and his sentence was enhanced 16 levels due to his prior conviction. The prior conviction in *Trujillo-Terrazas* was a third-degree arson conviction. The facts of that conviction, however, are quite different from those at issue here. "Mr. Trujillo was upset that an ex-girlfriend had begun seeing someone new, and he acted on his frustration by throwing a lighted match into a 1980 Oldsmobile belonging to his ex-girlfriend's new love interest. The Oklahoma state court determined that the appropriate compensation for

-8-

the fire damage was the paltry sum of $35.00." *Trujillo-Terrazas*, 405 F.3d at 817. Thus, the "relatively trivial nature of Mr. Trujillo's criminal history is at odds with the substantial 16-level enhancement," supporting the notion that a lower sentence would be consistent with an objective application of the 18 U.S.C. § 3553(a) factors.[4] *Id*. at 819–20. Here, by contrast, the prior conviction is the much more serious crime of second-degree assault.[5] Moreover, in *Trujillo-Terrazas*, the district court at sentencing "voiced regret" that the mandatory nature of the Guidelines constrained his choice. *Id*. at 820. The record in this case is devoid of such statements from the District Court. Hence, we do not believe that *Trujillo-Terrazas* supports a finding that the third prong is met

---

[4]These factors are: (1) the type and circumstances of the offense and the defendant's history and characteristics; (2) the need to impose adequate punishment, to afford deterrence, to protect the public, and to provide the defendant with needed educational or vocational training; (3) the kinds of sentencing available; (4) the sentence range under the United States Sentencing Guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid sentencing disparities; and (7) the need to provide for restitution. 18 U.S.C. § 3553(a).

[5]A person commits the crime of assault in the second degree if:

(a) [Repealed] . . . (b) With intent to cause bodily injury to another person, he or she causes such injury to any person by means of a deadly weapon; or
(c) With intent to prevent one whom he or she knows, or should know, to be a peace officer or firefighter from performing a lawful duty, he or she intentionally causes bodily injury to any person; or
(d) He recklessly causes serious bodily injury to another person by means of a deadly weapon; or . . .
(g) With intent to cause bodily injury to another person, he causes serious bodily injury to that person or another.

Col. Rev. Stat. § 18-3-203.

here.

We also find *Galvez-Barrios* inapposite. That case simply does not speak to the issue of plain-error review—a standard of review that is uniquely appellate. On the contrary, *Galvez-Barrios* is a district court's opinion explaining its decision to exercise its post-*Booker* discretion to diverge from the Guidelines sentence in an illegal reentry case. The inquiry on the third prong of plain-error review, which is the question we face, is whether the defendant has "satisf[ied] the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *United States v. Dominguez-Benitez*, 542 U.S. 74, 124 S.Ct. 2333, 2340 (2004) (internal quotation omitted). Absent some evidence in the record to suggest that the District Court would have exercised its discretion to depart from the Guidelines if given the opportunity to do so, we do not find *Galvez-Barrios* persuasive. As such, we seriously question whether Mr. Sanchez-Cruz can satisfy the third prong of plain-error review in this instance.

### D.

Nevertheless, "[w]e need not determine whether [Mr. Sanchez-Cruz] can satisfy this burden because even if he were to meet the third prong, he must also satisfy the fourth prong to obtain relief." *Gonzalez-Huerta*, 403 F.3d at 736. We conclude that Mr. Sanchez-Cruz does not satisfy the fourth prong of plain-error review (i.e., that failure to correct this forfeited error would seriously affect the fairness, integrity, or public

reputation of judicial proceedings).  As we stated in *Gonzalez-Huerta*, "we will not notice a non-constitutional error, such as the one in the case before us, unless it is both particularly egregious and our failure to notice the error would result in a miscarriage of justice."  *Id.* (quotations omitted).  This standard is "only [met] in those rare cases in which core notions of justice are offended," *id*. at 739, and Mr. Sanchez-Cruz bears the burden of demonstrating that the error in this case satisfies this demanding standard, *id.* at 736.

Mr. Sanchez-Cruz asserts that he satisfies this standard because there is "a mismatch between the sentence suggested by a principled application of the post-*Booker* sentencing framework and the actual sentence."  *Trujillo-Terrazas*, 405 F.3d at 821.  As we outlined above, however, this case is clearly distinguishable from *Trujillo-Terrazas*. We are not faced here with a defendant whose prior conviction was for a thirty-five-dollar arson, as was the case in *Trujillo-Terrazas*.  Rather, Mr. Sanchez-Cruz's prior offense was second-degree assault, a truly serious offense.  Given these circumstances, Mr. Sanchez-Cruz's sentence is within the national norm, and an objective consideration of the factors listed in 18 U.S.C. § 3553(a) does not counsel that a lower sentence be imposed; therefore, the record on appeal does not support the conclusion that this case is one of the rare non-constitutional *Booker* error cases requiring resentencing.  *Compare Gonzalez-Huerta*, 403 F.3d at 738–39, *and United States v. Yazzie*, 407 F.3d 1139, 1146–47 (10th Cir. 2005) (en banc), *with Trujillo Terrazas*, 405 F.3d at 820–21.

### III.  CONCLUSION

This *Booker* sentencing challenge is subject to plain-error review.  We hold that Mr. Sanchez-Cruz does not satisfy the fourth prong of the plain-error test, AFFIRM the sentence, and REINSTATE the non-sentencing portions of *Sanchez-Cruz I*.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge