**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 1, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

       v.

TERRY HOFF,

       Defendant-Appellant.

No. 06-8022

(D. Wyoming)

(D.C. No. 05-CR-36-WFD)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Terry Hoff pleaded guilty to possession of child pornography, in violation

of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced Mr. Hoff to 120

months' imprisonment and ten years' supervised release. The court also imposed

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

a $750.00 fine and a $100.00 special assessment. Mr. Hoff challenges the district court's sentence on appeal.

## I. BACKGROUND

On July 23, 2004, Agent Matt Waldock of the Wyoming Division of Criminal Investigation received information that Mr. Hoff, a 39-year-old-resident of Gillette, Wyoming, may have been providing methamphetamine to underage girls and taking pornographic pictures of them. Agent Waldock obtained a state search warrant, authorizing him to search Mr. Hoff's residence for child pornography. The search revealed a digital camera in the master bedroom of the residence. The flash memory of the camera contained numerous images of nude females, including a nude image of a fifteen-year-old-girl.

While the search was being conducted, Agent Waldock and another agent interviewed Mr. Hoff. According to Agent Waldock, Mr. Hoff admitted taking the images of the underage girl, although he stated he believed she was eighteen years old. When Agent Waldock told him that the girl was fifteen years old, Mr. Hoff changed his story and denied taking the images altogether. Agent Waldock subsequently showed the images of the fifteen-year-old-girl to her mother, who identified the girl depicted in the images as her daughter. Additionally, the girl's mother told Agent Waldock that in May of 2004, she had told Mr. Hoff her daughter's age and to stay away from her. Agent Waldock then interviewed the girl depicted in the images. She told him Mr. Hoff was the photographer.

On September 16, 2005, the United States filed an amended information containing one charge of production of child pornography in violation of 18 U.S.C. § 2251(a), and one charge of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Pursuant to a written plea agreement, Mr. Hoff entered a plea of guilty to the possession of child pornography charge. The "PARTICULARIZED TERMS" of the agreement stated that the government and Mr. Hoff stipulated that Mr. Hoff

>agree[d] to conditionally plead guilty to the following:
>Count Two of the Amended Information alleging Possession of Child
>Pornography in violation of 18 U.S.C. § 2252(a)(5)([B]).
>
>. . . .
>
>**Penalty:** 10 years imprisonment
>
>. . . .
>
>**Supervised Release:** 3 years pursuant to 18 U.S.C. § 3585.
>
>. . . .

Aplt's App. doc. 3, at 2 (Plea Agreement) (unsigned).

During the Rule 11 plea colloquy, the government stated that Mr. Hoff would be subject to "three years of supervised release." *Id.* doc. 4 at 31. The district court informed Mr. Hoff that he "could be imprisoned up to ten years, fined up to $250,000, be required to serve up to three years of supervised release and to pay a [$100.00] special assessment." *Id.* at 45.

The presentence report found that U.S.S.G. § 2G2.4 was the guideline used to calculate a recommended sentence for possession of child pornography, but because Mr. Hoff's conduct involved "permitting a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct," the cross-reference found at § 2G2.4(c) applied and U.S.S.G. § 2G1.2 should be utilized to determine the advisory sentence. PSR ¶ 9, at 6.[1] The base offense level was 27. *See* U.S.S.G. § 2G1.2. Two offense levels were added because the material Mr. Hoff produced involved a girl between the ages of twelve and sixteen. *Id.* ¶ 10, at 6; U.S.S.G. § 2G1.2(b)(1)(B)). Because he accepted responsibility for his actions, the report recommended a three-level reduction in the adjusted offense level, resulting in a final offense level of 26. *Id.* ¶ 15, at 7. Mr. Hoff's extensive criminal history yielded seventeen criminal history points, placing him in Category VI. *Id.* ¶ 29, at 12. The guideline range for Mr. Hoff was 120 to 150 months, but due to the statutory maximum sentence of ten years, his advisory sentencing range was 120 months. Additionally, the presentence report correctly noted the "authorized term of supervised release is any term of years or life." *Id.* ¶ 63, at 17 (citing 18 U.S.C. § 3583(k)).

---

[1] We note that U.S.S.G. § 2G2.4 was deleted by consolidation with U.S.S.G. § 2.2, effective Nov. 1, 2004. *See* U.S.S.G. App. C, Amendment 664. However, the presentence report applied the Nov. 1, 2003 edition of the guidelines because "use of the Guidelines Manual which was in effect on the date of sentencing would violate the *ex post facto* clause of the United States Constitution." PSR ¶ 8, at 6. The parties do not dispute this conclusion, and, as a result, we refer to the now-deleted U.S.S.G. § 2G2.4 in our discussion.

The government did not object to the presentence report, but Mr. Hoff filed three separate memorandums prior to sentencing, each of which objected to the use of the U.S.S.G. § 2G2.1 cross-reference. Aplt's App. at 70, 77, 84. Mr. Hoff did not object to the presentence report's finding regarding the maximum term of supervised release that he could be required to serve. The district court sentenced Mr. Hoff to 120 months' imprisonment and ten years of supervised release.[2]

## II. DISCUSSION

Mr. Hoff challenges (1) the district court's imposition of the ten-year term of supervised release, and (2) reliance on relevant conduct when it accepted the cross-reference to U.S.S.G. § 2G2.1 as required by U.S.S.G. § 2G2.4(c)(1). For the reasons set forth below, we reject Mr. Hoff's arguments and affirm his sentence.

A. Supervised release

Mr. Hoff argues that the district court erred in failing to inform him that it could impose a ten-year term of supervised release. We construe his argument as alleging a violation of Rule 11 of the Federal Rules of Criminal Procedure, which requires the district court to inform the defendant of the "maximum possible

---

[2] The district court found that the presentence report improperly calculated Mr. Hoff's criminal history score and reduced the score to fifteen points but this did not change his criminal history category.

penalty, including imprisonment, fine, and term of supervised release." FED. R. CRIM. P. 11(b)(1)(H).

Because Mr. Hoff did not object to the length of the ten-year supervised release, we review the district court's decision for plain error. FED. R. CRIM. P. 52(b); *United States v. Sanchez-Cruz*, 392 F.3d 1196, 1199 (10th Cir. 2004). ("When a defendant fails to raise a Rule 11 error during his sentencing hearing, . . . we review only for plain error."). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (citation and quotation marks omitted).

> The Supreme Court recently held that a defendant attempting to establish that a Rule 11 error has affected substantial rights "is obliged to show a reasonable probability that, but for the error, he would not have entered the plea."

*Sanchez-Cruz*, 392 F.3d at 1200 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 75 (2004)). Thus, informed by the entire record, we must be satisfied "that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Dominguez Benitez*, 542 U.S. at 83 (internal quotation marks omitted).

We agree that the plea agreement, the government, and the district court erred in stating that the maximum term of supervised release was three years.

-6-

That conclusion follows from Section 101 of the PROTECT Act (Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003), which amended 18 U.S.C. § 3583 to provide for extended terms of supervised release for certain crimes relating to the sexual exploitation of children. Section 3583(k) as amended provided that "[n]ot withstanding subsection (b), the authorized term of supervised release for any offense under . . . [18 U.S.C.] § 2252A . . . is any term of years or life." 18 U.S.C. § 3583(k) (2003).[3] Section 5D1.2(b) of Sentencing Guidelines was amended on November 1, 2004 to reflect that statutory change. U.S.S.G. App. C, Amendment 664. The supervised release guideline goes on to provide "[i]f the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended." U.S.S.G. § 5D1.2(b).

The offense of conviction here, 18 U.S.C. § 2252(a)(5)(B), constitutes a sex offense. Nevertheless, "[w]hile we have no doubt that [Mr. Hoff] can satisfy the first two elements of plain error, he has failed to establish that the error affected his substantial rights." *Sanchez-Cruz*, 392 F.3d at 1200. Although Mr. Hoff maintains that he had a "true and honest belief that his term of Supervised Release would be 3- years," Aplt's Br. at 5, he does not suggest that, had the district court informed him that it might impose a ten-year term of supervised

---

[3] Section 3583(k) now authorizes a term of supervised release that is "not less than 5 [years] or life." 18 U.S.C. § 3583(k) (2006).

-7-

release, he would have withdrawn his plea. Moreover, in exchange for his guilty plea, Mr Hoff received the quite-substantial benefit of the government's withdrawal of the production of child pornography charge, which carries a mandatory minimum fifteen-year sentence. We therefore conclude that any error did not affect Mr. Hoff's substantial rights. *United States v. Elias*, 937 F.3d 1514, 1518-19 (10th Cir. 1991) (holding that district court's failure to inform the defendant of the mandatory period of supervised release was a "technical violation of Rule 11 [that] will be disregarded unless it affects substantial rights").

B. Cross-reference to U.S.S.G. § 2G2.1

We review the district court's application of the sentencing guidelines de novo, and its factual findings for clear error. *United States v. Martinez*, 418 F.3d 1130, 1133 (10th Cir. 2005). This standard remains unchanged in the wake of *United States v. Booker*, 543 U.S. 220 (2005), which created an advisory guidelines regime. *United States v. Wolfe*, 435 F.3d 1289, 1295 (10th Cir. 2006).

Mr. Hoff claims that the district court erred when it found by a preponderance of evidence that his relevant conduct included taking the pornographic photographs he possessed, thus triggering the cross-reference found at U.S.S.G. § 2G2.4(c)(1) and requiring that his advisory guideline sentence be calculated using U.S.S.G. § 2G2.1. As the result of this calculation Mr. Hoff was subject to a sentence of 120 months. PSR ¶ 2, at 3-5; ¶ 61. Mr. Hoff contends

such conduct must be found beyond a reasonable doubt by a jury or stipulated by him.

Our precedent forecloses this argument. "Relevant uncharged conduct must be proven by a preponderance of the evidence." *United States v. Garcia*, 411 F.3d 1173, 1177 (10th Cir. 2005). "[I]n sentencing criminal defendants for federal crimes, district courts are still required to consider Guideline ranges, which are determined through application of the preponderance standard, just as they were before. The only difference is that the court has latitude, subject to reasonableness review, to depart from the resulting Guideline ranges. *United States v. Magallanez,* 408 F.3d 672, 685 (10th Cir. 2005) (internal citation omitted). The district court was authorized to consider the testimony of the minor subject and her mother in considering whether the § 2G2.1 cross-reference should apply.

### III. CONCLUSION

Accordingly, we AFFIRM Mr. Hoff's sentence.

Entered for the Court,

Robert H. Henry
Circuit Judge