FILED
United States Court of Appeals
Tenth Circuit

October 8, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

SCOTT DALE KIRKHAM,

     Defendant - Appellant.

No. 08-4083
(D.C. Nos. 2:07-CV-00414-TC and
2:05-CR-00786-PGC-1)
(D. Utah)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Scott Dale Kirkham, a federal inmate appearing pro se, seeks a certificate

of appealability ("COA") in order to challenge the district court's denial of his 28

U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Mr. Kirkham

was indicted on three counts concerning child pornography, including receipt, 18

U.S.C. § 2252A(a)(2)(A), possession, 18 U.S.C. § 2252A(a)(4)(B), and

distribution. 18 U.S.C. § 2252A(a)(2)(A). Mr. Kirkham pled guilty to the

possession count and was sentenced to 120 months in prison followed by

supervised release for life. Mr. Kirkham initially appealed the sentence, but

voluntarily dismissed the appeal prior to briefing. See United States v. Kirkham,

No. 06-4244 (1/24/2007). He then sought relief pursuant to § 2255, claiming that

his plea was not knowing and intelligent, and asserting several grounds of ineffective assistance of trial and appellate counsel. The district court denied relief. Having determined that Mr. Kirkham has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss his appeal. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

On appeal, Mr. Kirkham seeks to raise a variety of issues including that (1) his plea was not based on a knowing and intelligent waiver of his right to a trial, (2) neither appellate or trial counsel adequately investigated or informed him of the issues, (3) disputed facts in the PSR presuming the number of images, ages of the victims, and their identities were not resolved,[1] resulting in a miscalculation and incorrect application of the Sentencing Guidelines, (4) the trial judge improperly participated in plea discussions and failed to advise as to the maximum term of supervised release, and (5) the plea agreement was breached. We note that grounds (4) and (5) were not raised in his § 2255 motion before the district court and have been waived. See United States v. Cook, 997 F.2d 1312, 1316 n.4 (10th Cir. 1993). Although Mr. Kirkham contends that a trial judge's participation in the plea agreement is plain error and may be raised for the first time on direct appeal, this is a collateral proceeding and it was incumbent on Mr. Kirkham to raise all grounds in the first § 2255 motion.

---

[1]Mr. Kirkham does not specify precisely what facts are disputed. See COA Application at 2. We have referenced his petition for that argument.

The gravaman of Mr. Kirkam's properly raised claims in district court is that during the plea colloquy his counsel and the government agreed that Mr. Kirkham would stipulate to 600 images of child pornography, unless counsel, after checking with the agent on the case, found that to be different. R. Doc. 6-3 at 6 (Plea Tr. at 5). Understandably puzzled by this arrangement, the district court then asked Mr. Kirkham how many images he would admit to having. Mr. Kirkham first indicated that he would not admit to any, but after counsel endeavored to clarify, the trial court asked if Mr. Kirkham would admit to "some images" with a determination as to how many at the sentencing proceeding. R. Doc. 6-3 at 7 (Plea Tr. at 6). Mr. Kirkham admitted to two such images.[2] Id.

At sentencing, the district court indicated that it would grant a three-level decrease for acceptance of responsibility which resulted in an offense level of 33 and a Sentencing Guidelines range of 135-168 months. Mr. Kirkham's counsel objected to paragraph 16 of the Presentence Report which indicated that two of images involved subjects approximately 11 or 12 years old engaging in sexual activities. The district court overruled the objection based upon it being untimely, but then proceeded to address the merits. The government claimed that

_____

[2] Mr. Kirkham's claim that the district judge participated in plea negotiations contrary to Fed. R. Crim. P. 11(c)(1) is without merit. The district judge inquired of Mr. Kirkham as to the quantity of images to ensure a factual basis for the plea after the parties indicated a change of plea was occurring. See Fed. R. Crim. P. 11(b)(3) (requiring a factual basis).

"there are scores of images of very young children that are of such a young age that there would be no question that they are pre-pubescent," and the court looked at a representative image and found that the subject was pre-pubescent. R. Doc. 6-4 at 9-10 (Sent. Tr. at 8-9).

After reviewing the record and the district court's order, we must conclude that Mr. Kirkham does not have reasonably debatable issues concerning whether the plea was knowing and voluntary and whether he received ineffective assistance of trial and appellate counsel. To prevail on an ineffective assistance claim, Mr. Kirkham must demonstrate deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a plea, he must demonstrate that but for his counsel's deficient performance, he would have insisted upon a trial.[3] Hill v. Lockhart, 474 U.S. 52, 59 (1985). Nothing suggests that to be the case here–not only is it belied by the plea colloquy, but Mr. Kirkham is in the best position to explain how the facts do not fit the offense or the upward adjustments, and something more than speculation is required. At the sentencing hearing, counsel did not want to go down the road of how many

---

[3] The plea agreement indicated that the supervised release term was three years and the district court merely advised of a supervised release term. In accordance with the statute, the district court imposed supervised release for life. Under Fed. R. Crim. P. 11(b)(1)(H), the incorrect advice was error, but Mr. Kirkham has not demonstrated that had the district court informed him of the correct exposure to supervised release, he would have insisted on going to trial. See United States v. Hoff, 215 F. App'x 720, 723-24 (10th Cir. 2007) (unpublished) (rejecting similar challenge under a plain error analysis).

images were involved (with obvious good reason given the government's willingness to proffer right then and there), but rather focused on the age of the subjects, acknowledging that one of the images was an identified child victim. R. Doc. 6-4 at 6 (Sent. Tr. at 5). Such an obviously tactical move does not constitute ineffective assistance of counsel even though it prompted the district court to make a finding that a pre-pubescent minor was involved.

Both Mr. Kirkham and trial counsel objected to the use of uncharged "relevant conduct" in determining the sentence, yet as the district judge remarked, "That is what we do here in federal court here every day though." R. Doc. 6-4 at 6-7 (Sent. Tr. at 5-6). At sentencing, Mr. Kirkham also objected to the extent that he would be punished based on his lawyer's failure to object, and to the extent the sentence would go beyond possession by downloading images which he admitted to. R. Doc. 6-4 at 12-13 (Sent. Tr. at 11-12). He emphatically denied any distribution activities. R. Doc. 6-4 at 13 (Sent. Tr. at 12). Mr. Kirkham can not establish prejudice. First, the district court considered counsel's untimely objection on the merits and denied it. Second, the district court remarked that notwithstanding any discussion about distribution, and whether the advisory guideline range was below 120 months, the district court would impose the same sentence. R. Doc. 6-4 at 16 (Sent. Tr. at 15).

Insofar as ineffective assistance of counsel on appeal, we might question the decision of the Federal Public Defender to advise Mr. Kirkham to abandon his

appeal and go it alone on a § 2255 motion. Aplt. Br. attach. A. Yet because Mr. Kirkham has shown no prejudice from his trial counsel's performance, the lack of an appeal was not prejudicial.

We DENY the motion for a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge