FILED
United States Court of Appeals
Tenth Circuit

April 14, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

BARRY L. SMITH,

      Defendant-Appellant.

No. 13-3200

(D.C. No. 2:00-CR-20150-KHV-DJW-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH, BALDOCK,** and **BACHARACH,** Circuit Judges.[**]
_____

After giving Defendant Barry L. Smith multiple chances to clean up his act, the district court revoked his supervised release and sentenced him to three years imprisonment—nine months above what the Guidelines recommended. On appeal, Defendant argues his sentence is both procedurally and substantively unreasonable. Defendant's procedural arguments do not rise to the level of plain error and his sentence was not plainly unreasonable. Thus, exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1. The case therefore is ordered submitted without oral argument.

I.

In 2001, Defendant pled guilty to one count of distributing five grams or more of a substance containing methamphetamine, a class C felony, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, a class A felony, in violation of 18 U.S.C. § 924(c)(1)(A). The sentence imposed included a term of supervised release. At the change of plea hearing, the plea petition and the court incorrectly stated Defendant's § 924(c) offense was a *class D felony* and that if Defendant violated the terms of his supervised release, he could be subject to an additional term of imprisonment of *no more than two years*. But because Defendant's 924(c) violation was actually a *class A felony*, he could actually be sentenced to an additional *five years* of imprisonment if his supervised release was revoked. See 18 U.S.C. § 3583(e). On November 23, 2011, Defendant was released from prison and started his term of supervised release. On May 8, 2013, while still on supervised release, Defendant's probation officer filed a report alleging Defendant had violated the terms of his supervised release by, among other things, possessing and using methamphetamine, marijuana, and K-2,[1] as well as failing multiple drug tests and lying to his probation officer. The most serious of these violations was a grade B violation.

---

[1] K-2, or "Spice," "refers to a wide variety of herbal mixtures that produce experiences similar to marijuana . . . ." DrugFacts: Spice ("Synthetic Marijuana"), http://www.drugabuse.gov/publications/drugfacts/spice-synthetic-marijuana, (visited April 9, 2014). "[T]he Drug Enforcement Administration (DEA) has designated the five active chemicals most frequently found in Spice as Schedule I controlled substances, making it illegal to sell, buy, or possess them." Id.

At a revocation hearing on May 15, 2013, Defendant stipulated to the facts in the violation report. Based on Defendant's criminal history category of VI and grade B violation, the Guidelines' non-binding policy statements recommended a custody range of 21 to 27 months. But the district court pointed out at this hearing that it was inclined to impose an above-Guideline sentence and could send Defendant back to prison for up to five years. Instead of imposing sentence, however, the court continued the matter to give Defendant a chance to obtain drug treatment. By the next hearing, on July 15, 2013, Defendant had started drug treatment but had again tested positive for methamphetamine. Defendant admitted "messing up," but stated he was "trying very hard." The court then gave Defendant one last chance. The court continued the hearing until July 29 and stated, "if you miss any drug tests, if you use any drugs, if you do anything else in violation of the terms of your supervised release, my plan is that I will send you to prison for three years and there will be no supervised release after that." Despite this warning, Defendant again violated the terms of his supervised release when he failed to attend a substance abuse treatment meeting on July 16 and was asked to leave a treatment meeting on July 23 for being argumentative.

On July 29, 2013, the district court revoked Defendant's supervised release and sentenced him to three years imprisonment. In doing so, the court told Defendant it felt "at some level personally betrayed by your lack of honesty with the court and with the probation office, and I think anyone looking at this file would come to the conclusion that you are not a good candidate for supervision." Defendant did not object to the sentence below.

II.

We review a district court's sentence following revocation of supervised release for procedural and substantive reasonableness. United States v. Ruby, 706 F.3d 1221, 1225 (10th Cir. 2013). Defendant challenges the procedural reasonableness of his sentence on two grounds. He did not object on either ground below, so we review these claims for plain error. Id. "Under plain error review, the defendant must demonstrate (1) there is error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1226.

A.

Defendant first argues he was deprived of his due process right to notice and fair warning because, at the time of the plea underlying his supervised release, the court and defense counsel incorrectly informed him that he could face no more than two additional years of imprisonment if his supervised release was revoked. He relies on the unreported case of United States v. Hoff, 215 F. App'x 720, 724 (10th Cir. 2007), for the proposition that incorrectly advising a defendant as to the terms of his supervised release meets the first two elements of plain error. Even assuming Hoff persuaded us that Defendant meets these first two elements of plain error, however, Hoff also reveals why Defendant's claim fails under plain error's third prong. See id. That is, to show plain error, Defendant must prove the error affected his substantial rights, and to do so, the Supreme Court has held "a defendant is obliged to show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004).

Defendant nowhere attempts to make such a showing. Instead, he appears to argue that, had he known he could face up to a five-year revocation sentence rather than a two-year revocation sentence, a reasonable probability exists that he would not have violated the terms of his supervised release. Whatever the legal merit of this argument, the record here belies it. Defendant learned on May 15, 2013, that he could be sentenced to up to five years imprisonment upon revocation and was given not one, but two subsequent opportunities to comply with his supervised release conditions. Despite these multiple opportunities to avoid the penalty he by then had notice and fair warning of, Defendant continued to violate the terms of his supervised release. We therefore need not rely on probabilities to determine whether Defendant's substantial rights were affected; Defendant's own actions show they were not.

B.

Defendant next argues his sentence is procedurally unreasonable because the court violated his right to due process when it based the sentence, "at least in part," on the fact that it felt "at some level personally betrayed" by Defendant's lack of honesty with the court and probation office. Again, because Defendant failed to object below, we review only for plain error. Ruby, 706 F.3d at 1225. Defendant fails to show how any error the court may have committed in mentioning its personal sense of a betrayal of trust was "plain—that is[] . . . 'clear under current law.'" United States v. Cordery, 656 F.3d 1103, 1106 (10th Cir. 2011) (quoting United States v. Olano, 507 U.S. 725, 734 (1993)). "An error is clear where the Supreme Court or this court has addressed the issue or where the district court's interpretation was clearly erroneous." Id. The Supreme Court has held

-5-

"the sentencing process . . . must satisfy the requirements of the Due Process Clause." Gardner v. Florida, 430 U.S. 349, 358 (1977). Within this framework, "factors that are constitutionally impermissible or totally irrelevant to the sentencing process[ include] the race, religion, or political affiliation of the defendant . . . ." Zant v. Stephens, 462 U.S. 862, 885 (1983).

Defendant provides no Supreme Court or Tenth Circuit authority for the proposition that a district court may not consider a personal sense of betrayal of trust in the context of a revocation proceeding. Instead, he argues that, under United States v. Bakker, 925 F.2d 728 (4th Cir. 1991), an expression of personal betrayal goes beyond the permissible scope of the breach of trust the court may consider at sentencing. Bakker holds that a sentencing judge may not take his own religious convictions into account in sentencing. Id. at 740. In that sense, Bakker simply extended Zant to prevent a sentencing judge from considering either his own or the defendant's religious convictions at sentencing. This case has nothing to do with religious convictions; Bakker is therefore inapposite. Conversely, Defendant recognizes that, in revoking a defendant's supervised release, the sentencing court not only may, but "*should* sanction primarily the defendant's breach of trust . . . ." U.S.S.G. ch. 7, pt. A, cmt. 3(b). As such, we do not see how any error in taking the betrayal of trust personally rose to the level of plain error.

Moreover, Defendant cannot show the district court's personal sense of betrayal affected his substantial rights because he cannot show "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." See United States v. Dazey, 403 F.3d 1147 (10th Cir. 2005). The district court warned

Defendant on July 15 that it would impose a three-year revocation sentence if he violated his supervised release again. The court gave this warning two weeks before commenting on its personal sense of betrayal and imposing sentence. We have no reason to believe that, had the court not felt personally betrayed, it would have imposed a lighter sentence than it had already promised. Accordingly, this claim fails.

## III.

Finally, Defendant argues his sentence is substantively unreasonable because the reasons the district court cited did not justify a sentence nine months above Defendant's advisory range under U.S.S.G. § 7B1.4. A defendant need not object below in order to preserve the issue of substantive reasonableness. United States v. Torres-Duenas, 461 F.3d 1178, 1183 (10th Cir. 2006). Nevertheless, our review is deferential:

> [O]ur standard of review is "plainly unreasonable." In reviewing the sentence and the court's explanation of it, we will not reverse if it can be determined from the record to have been reasoned and reasonable. In conducting this analysis, we review the district court's findings of fact for clear error and its legal interpretations of the Sentencing Guidelines de novo.

United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2004) (internal marks and citations omitted). "Defendant must do more than show that his preferred sentence was a reasonable one. In virtually every case, many sentences would be reasonable. To obtain relief, he must show that the actual sentence imposed was outside this range of reasonableness." United States v. McBride, 633 F.3d 1229, 1232 (10th Cir. 2011).

Defendant does not argue the district court committed clear error as to any factual findings, nor does he argue the court erred in interpreting the Guidelines. Rather, he

-7-

argues his sentence is unreasonable because the court "overlooked, or did not attach sufficient weight to," the facts that Defendant (1) did not violate his supervised release for over a year before relapsing and (2) had improved his attitude somewhat after he started drug treatment. This is not enough to show that a sentence nine months above that recommended by the Guidelines was outside the range of reasonableness. The district court gave Defendant two extra chances to clean up his act and comply with the terms of his supervised release. Both times the court warned him of the consequences he faced if he failed to do so. Both times Defendant disregarded the court's warnings and continued to violate the terms of his supervised release. In light of Defendant's flagrant disregard for the court's warnings and the terms of his supervised release, we fail to see how his revocation sentence is plainly unreasonable.

AFFIRMED.

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge